UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cr-110 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| ARLAND MILLS, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING MOTION FOR SENTENCE REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A) (DOC. NO. 36)**

This case is before the Court on the Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 36) (the "Motion"), filed by Defendant Arland Mills ("Mills"). Mills is currently incarcerated at FCI Ashland in Kentucky. He asks the Court for a compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (*Id.*) Mills additionally argues that his conviction is unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (*Id.* at PageID 424.) For the reasons discussed below, the Court **DENIES** Mills' Motion.

**I.   BACKGROUND**

On October 7, 2020, the Government filed a one-count Information (the "Information") charging Mills with a criminal offense related to the illegal purchase of firearms. (Doc. No. 2 at PageID 6.) On November 3, 2020, pursuant to a plea agreement, Mills pled guilty to the count charged in the Information, aiding and abetting the making of a false statement in connection with

1

the acquisition of a firearm. (Doc. Nos. 8 & 10.) The Statement of Facts attached to the Plea Agreement, signed by Mills and his attorney, states:

> On or about September 9, 2019, Defendant ARLAND MILLS, in the Southern District of Ohio, aided, abetted, counseled, and induced Delano Wells to knowingly make a false written statement to a licensed dealer of firearms in connection with the acquisition of a firearm and that was intended to deceive the dealer as to a fact material to the lawfulness of the firearm sale.
>
> Prior to September 9, 2019, Defendant and Wells agreed that Wells would purchase certain firearms on behalf of the Defendant and which Defendant had selected. Once Wells purchased the firearms, Wells provided the firearms to Defendant. As an inducement, Defendant in return paid Wells for the cost of the firearms, along with an additional amount as a fee which was either in cash or by forgiving a portion of a debt that Wells owed Defendant.
>
> On or about September 9, 2019, Wells traveled to Thompson's Firearms located in Middletown, Ohio, which lies in the Southern District of Ohio. Thompson's Firearms is a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code. At Defendant's direction, Wells purchased six (6) Omni Maxx, 5.56 mm pistols from Thompson's Firearms. During the September 9, 2019 firearm sale, Wells executed a written Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 in connection with that sale and which was provided to Thompson's Firearms. Question 11(a) contained of the Form 4473 asked: "Are you the actual buyer/transferee of the firearm(s) listed on this form?" Wells falsely responded "Yes" to Question 11(a) in writing by checking the "Yes" box next to the question. This written response was false because Wells knew he was not the actual buyer of the firearms, as the firearms were both selected by and immediately provided to Defendant in exchange for a fee. Consistent with the warning contained in Question 11(a) on the Form 4473, Wells' false statement was material to the firearm sale, because the dealer would not have completed the sale had Wells truthfully responded "No" in response to Question 11(a).
>
> Wells purchased more than 8 firearms in this manner on behalf of Defendant, along with several firearm lower receivers.

(Doc. No. 8 at PageID 25-26.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") for Mills. (Doc. No. 18.) The PSR pertinently noted that one of Mills' illegally purchased firearms was resold and used to fatally shoot a federal agent during the execution of a search warrant. (*Id.* at

2

PageID 70.) The PSR further reported that Mills suffers from health conditions including histoplasmosis and chronic kidney disease. (*Id.* at PageID 87.) Mills alleges that the Bureau of Prisons ("BOP") has failed to treat either of these conditions during his incarceration. (Doc. No. 36 at PageID 424.) However, Mills has submitted no evidence to corroborate this allegation.

At sentencing in this case, the Court imposed a 60-month term of incarceration, three years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 29.) Mills is currently 45 years old and has an anticipated release date of March 5, 2025. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited January 3, 2024).)

On November 9, 2023, Mills filed the present Motion. (Doc. No. 36.) The Government filed its response on November 30, 2023 (Doc. No. 37), and Mills filed his untimely Reply on December 29, 2023 (Doc. No. 38). The Motion is ripe for review and decision.

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's

3

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). A court may ultimately deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

As a point of order, courts may not consider the Sentencing Commission's applicable policy statements without first determining whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction. U.S.S.G. § 1B1.13(a). Further, a court's finding that the applicable Section 3553(a) factors militate against a sentence reduction may outweigh a finding of extraordinary and compelling circumstances. *Jones*, 980 F.3d at 1108; *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness

---

age and years in prison." *United States v. Ruffin, 978 F.3d 1000, 1003 (6th Cir. 2020)*.

of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. Application

Mills asks the Court to grant him a compassionate release based on extraordinary and compelling circumstances. (Doc. No. 36 at PageID 423.) Mills first states that is not receiving adequate medical care while incarcerated at FCI Ashland. (*Id*. at PageID 424.) He next submits that his wife has become incapacitated, with Mills being her only available caregiver. (*Id.* at PageID 423.) Finally, Mills suggests that the change in law promulgated by the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), renders his conviction unconstitutional and thus constitutes an extraordinary and compelling circumstance. (Doc. No. 36 at PageID 424.) Mills particularly stresses this final point in his Reply. (Doc. No. 38 at PageID 469-70.)

In response, the Government makes two substantive arguments. First, the Government argues that Mills has failed to substantiate the allegations that he and his wife suffer from medical conditions that rise to the level of extraordinary and compelling circumstances. (Doc. No. 37 at PageID 463-66.) Second, the Government argues that granting Mills a compassionate release would contradict the sentencing factors under 18 U.S.C. § 3553(a). (*Id*. at PageID 466-67.)

#### 1. Preliminary Matters

As an initial matter, the Court will briefly address Mills' arguments regarding the change in law brought by the Supreme Court's decision in *Bruen*. Section 3582(c)(1)(A) allows courts to "reduce the term of imprisonment" of a convicted defendant upon a showing of extraordinary and compelling circumstances warranting such reduction. 18 U.S.C. § 3582(c)(1)(A)(i). However, a

5

change in law is decidedly not an extraordinary and compelling circumstance within the ambit of 18 U.S.C. § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13(c) ("a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.") Instead, changes in law may only be considered after "a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction . . .." *Id.*

At present, Mills' argument regarding the constitutionality of his conviction is unavailing. As discussed below, Mills has failed to establish extraordinary and compelling circumstances warranting a reduction of his sentence. In the absence of extraordinary and compelling circumstances, the Court may not consider any changes in law which might affect Mills' sentence here.[2] Therefore, the Court will otherwise disregard Mills' constitutional challenge.

### 2. Section 3582 Considerations

As the Parties do not dispute that the Court has jurisdiction to consider Mills' request, the Court must determine whether Mills' request can satisfy the Section 3582 requirements.

#### i. Extraordinary and Compelling Circumstances

The Court first considers whether Mills has established extraordinary and compelling circumstances to warrant reducing his sentence. Mills first states that he has received no care for his histoplasmosis and chronic kidney disease while incarcerated. (Doc. No. 36 at PageID 424.) Defendants may establish extraordinary and compelling circumstances where they suffer "from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. §

---

[2] The Court emphasizes that it has <u>not</u> made any actual finding as to whether a change in law might otherwise affect Mills' sentence.

1B1.13(b)(1)(C). Here, the Court considered Mills' medical conditions at sentencing. (Doc. No. 18 at PageID 87.) Moreover, Mills has provided no medical records from the BOP indicating a lack of medical care or a worsening of his conditions. Without this corroboration, the Court will not find that Mills' medical conditions constitute an extraordinary and compelling circumstance.

Mills faces the same obstacle with the allegation that his wife has become incapacitated. Mills submits that his wife has been diagnosed with polycythemia vera and a blood clotting disorder. (Doc. No. 36 at PageID 424.) Mills further alleges that these diagnoses have left his wife incapacitated with no available caregiver.[3] (*Id.* at PageID 423.) A court may make a finding of extraordinary and compelling circumstances upon "[t]he incapacitation of the defendant's spouse. . .when the defendant would be the only available caregiver for the spouse. . .." U.S.S.G. § 1B1.13(b)(3)(B). However, in the instant case, Mills has not demonstrated his wife's incapacitation, nor has Mills clearly established that he is his wife's only available caregiver. Mills has provided proof of his wife's diagnoses and a correspondence from the Social Security Administration regarding potential disability benefits. (Doc. No. 36-2 at PageID 436-38) Still, the Court cannot glean Mrs. Mills' incapacitation from these documents. Again, without sufficient corroboration, the Court will not find that Mrs. Mills' medical conditions rise to the level of extraordinary and compelling circumstances warranting a sentence reduction here.

In sum, although Mills' makes allegations consistent with extraordinary and compelling circumstances, he has failed to corroborate those allegations. Ultimately, without such corroboration, the Court finds no extraordinary and compelling circumstances warranting a reduction of Mills' term of imprisonment.

    ii. **Section 3553(a)**

---

[3] Mills also states that his wife is incapable of caring for their minor daughter, however, Mills' daughter has since reached the age of majority.

7

Even if Mills had adequately established extraordinary and compelling circumstances, the applicable Section 3553(a) factors would militate against a sentence reduction. The Court has considered the Parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Mills' history and characteristics. *See* 18 U.S.C. § 3553(a)(1). In particular, the Court appreciates the efforts Mills has taken to rehabilitate himself while incarcerated. (*See* Doc. No. 36-6.) Though, these efforts are undercut by the notion that Mills does not accept responsibility for his criminal conduct. Indeed, Mills spends a significant portion of his reply deflecting responsibility for the crime to which he pled guilty. (*See e.g.*, Doc. No. 38 at PageID 474 ("Defendant was not the actual buyer of the firearms in question. Wells was. The sales between Wells and himself was not material to the lawfulness of Wells sale with the dealer"))

Moreover, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Mills is currently incarcerated involved the illegal purchase of firearms. (Doc. 8 at PageID 25-26.) What's more, one of Mills' illegally purchased firearms was resold and used to fatally shoot a federal law enforcement official. (Doc. No. 18 at PageID 70.) In short, this case is illustrative of why the illegal purchase of firearms is a dangerous offense, even if not inherently violent.

8

Having considered the Parties' arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that a reduction in Mills' term of imprisonment would not be warranted. Thus, even if Mills had established extraordinary and compelling circumstances, a reduction of his prison sentence would be improper.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 36).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, January 5, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE